**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | Case No. _____ |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| DEDICATED MICROS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff John B. Adrain ("Adrain") brings this action against defendant Dedicated Micros, Inc. ("Dedicated Micros" or "Defendant") and alleges:

**THE PARTIES**

**1.** Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

**2.** On information and belief, Dedicated Micros is a corporation organized and existing under the laws of Virginia, with its principal place of business located at 3855 Centerview Drive, Suite 400B, Chantilly, Virginia 20151.  Dedicated Micros can be served with process through its registered agent, Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

**JURISDICTION AND VENUE**

**3.** This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4. Subject-matter jurisdiction over Adrain's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant has operated, conducted, engaged in, and/or carried on business in the state of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) (c) and (d), and/or 1400(b).

### PATENT INFRINGEMENT

7. On November 3, 1998, U.S. Patent No. 5,831,669, entitled "Facility Monitoring System with Image Memory and Correlation" was duly and legally issued to the inventor, John B. Adrain. A Reexamination Certificate for U.S. Patent No. 5,831,669 issued on August 21, 2012. A second Reexamination Certificate for U.S. Patent No. 5,831,669 issued on June 16, 2014. A true and correct copy of U.S. Patent 5,831,669 with the Reexamination Certificates is attached hereto as Exhibit A. (U.S. Patent 5,831,669 and the Reexamination Certificates are collectively referred to as "the '669 patent.") Adrain owns all right, title and interest in the '669 patent, including the right to sue for and recover all past, present and future damages for infringement of the '669 patent.

8. The '669 patent is presumed valid.

9. Upon information and belief, Dedicated Micros, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '669 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, security monitoring systems that alone or in use are covered by one or more of the claims of the '669 patent.

10. For example, Dedicated Micros makes, uses, sells, offers to sell and/or imports video surveillance cameras, software, and network recorders that monitor a space and that perform video

analytics.  By way of further example, the CamVu IP PTZ camera can be used with the SD Advanced network video recorder and the software of Dedicated Micros to monitor a space and perform video analytics.

11. The video analytics features provided by Dedicated Micros' security monitoring systems include at least such features as object abandonment/removal, detection tripwire, and counting tripwire.

12. Consumers purchase and use Dedicated Micros' systems and devices and are instructed by Dedicated Micros to use such equipment and to perform methods that infringe one or more claims of the '669 patent.

13. Dedicated Micros provides instructions, such as user manuals, that instruct consumers on how to set up and use such devices in such manners, specifically intending such consumers will operate these devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '669 patent.

14. Dedicated Micros has been and/or is now indirectly infringing one or more claims of the '669 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Dedicated Micros' security monitoring systems to directly infringe one or more claims of the '669 patent through their use of such systems.

15. For example, Dedicated Micros induces direct infringement of the '669 patent by providing user manuals and instructions, such as with the SD Advanced, software, and CamVu IP PTZ camera, that show users how to set up and operate the video analytics features.  Dedicated Micros engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages consumers of its security monitoring systems to directly infringe the '669 patent.

16. Dedicated Micros is liable for infringement of the '669 patent pursuant to 35 U.S.C. § 271.

17. Dedicated Micros' acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from Dedicated Micros the damages sustained by Adrain as a result of Dedicated Micros' wrongful acts in an amount subject to proof at trial.

18. As a consequence of the infringement complained of herein, Adrain has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Dedicated Micros is enjoined by this Court from committing further acts of infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Adrain prays for entry of judgment that:

A. Defendant has directly infringed and/or induced infringement of the '669 patent;

B. Defendant accounts for and pays to Adrain all damages caused by its infringement of the '669 patent;

C. Adrain be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

D. Adrain be granted pre-judgment and post-judgment interest on the damages caused to him by reason of Defendant's patent infringement;

E. Adrain be granted his reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Adrain; and,

G. Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Adrain demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated:  August 15, 2014      By:    /s/ Elizabeth L. DeRieux
John T. Polasek
Texas Bar. No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
Texas Bar No. 24005040
dquisenberry@pqelaw.com
Jeffrey S. David
Texas Bar No. 24053171
jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
Deborah Race
State Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue

Gladewater, Texas  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
Fairchild, Price, Haley, & Smith, L.L.P.
1801 North Street
Nacogdoches, Texas 75963-1668
Telephone:  (936) 569-2327
Facsimile:  (936) 569-7932

*Attorneys for Plaintiff*